IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| vs. | NO. 1:14-CR-30-MAC |
| ARTEMIO BLANCO | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Pending before the undersigned is a *Pro Se Motion for Compassionate Release* pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. #40) filed by the Defendant, Artemio Blanco, on June 26, 2023.[1] The Government did not respond to the Defendant's motion. After reviewing all applicable facts and law, the undersigned recommends denying the Defendant's motion without prejudice.

### I.    BACKGROUND

On November 12, 2015, Blanco was convicted of illegal reentry and was sentenced to 120 months of imprisonment (the statutory maximum) to run concurrent with the term of imprisonment in case number 1:13-CR-55-21 (for which he received 210 months of imprisonment on November 17, 2014). (Doc. #30.) He is scheduled for release from the Bureau of Prisons ("BOP") on August 14, 2028. *See* BOP INMATE LOCATOR, https://www.bop.gov/inmateloc/ (last visited January 7, 2025). Blanco's pending motion was also filed in case number 1:13-CR-55-21, without any changes. In that case, his motion was denied. *United States v. Blanco*, 1:13-CR-55-21, ECF No.

---

[1] This motion was referred to the undersigned United States magistrate judge on December 20, 2024, for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law. 28 U.S.C. § 636(b)(1)(B); E.D. TEX. LOCAL R. CR-59(a); (Doc. #41).

1

1467 (E.D. Tex. Nov. 14, 2024). Blanco argues that he should receive compassionate release because sentencing changes under the First Step Act constitute an "extraordinary and compelling" reason and Section 1326 violates the Equal Protection guarantee of the Fifth Amendment as set forth in *Village of Arlington Heights v. Metropolitan Housing Corp.,* 429 U.S. 252 (1977). The Government did not file a response in this case; however, their response in his other case states that Blanco's motion should be denied because he has not exhausted his administrative remedies, and on the grounds that his motion does not show extraordinary and compelling circumstances. *Blanco*, 1:13-CR-55-21, ECF No. 1454.

## II.     LEGAL STANDARD

Section 3582(c)(1)(A) "authorize[s] a sentence reduction where: (1) 'extraordinary and compelling reasons warrant such a reduction,' (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' and (3) such a reduction is appropriate 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *United States v. Shkambi*, 993 F.3d 388, 389 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Section 3582(c)(1)(A) does not define the "extraordinary and compelling reasons" that may merit compassionate release. The Sentencing Commission, however, has the authority to "promulgate general policy statements … that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Williams*, No. 3:18-CR-0291-B-2, 2021 WL 1865005, at *2 (N.D. Tex. 2021) (quoting *Shkambi*, 993 F.3d at 391). On November 1, 2023, the Sentencing Commission issued an amended policy statement, U.S.S.G. § 1B1.13, setting forth the circumstances that are considered "extraordinary and compelling reasons." These include the defendant's medical circumstances, age, family circumstances, whether the defendant is a victim

of abuse, "other reasons," and whether he is serving an unusually long sentence. *See* U.S.S.G. § 1B1.13(b). As of November 1, 2023, policy statement 1B1.13 applies to motions filed by the Director of the BOP and motions filed by the defendant. U.S.S.G. § 1B1.13(a).

### III.   ANALYSIS

#### A. *Exhaustion of Administrative Remedies*

Before seeking relief from the court, a defendant must first submit a request to the facility's warden where he is housed to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait 30 days from the warden's receipt of his request. 18 U.S.C. § 3582(c)(1)(A); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020). As stated above, a request for compassionate relief must first be presented to the BOP for consideration. After 30 days have passed or the defendant has exhausted all administrative rights to appeal the BOP's failure to move on his behalf, a defendant may ask a court for a sentence reduction under section 3582(c)(1)(A). Blanco asserts, but fails to produce any supporting evidence, that he submitted a compassionate release request to his warden but did not receive a response within 30 days. (Doc. #40.) The Government responds that the Defendant has not exhausted his administrative remedies prior to filing the pending motion, but that even assuming *arguendo* that his administrative burden was met, Blanco's motion should be denied. The undersigned agrees.

#### B. *Extraordinary and Compelling*

1. Medical Conditions

Extraordinary and compelling reasons exist regarding a defendant's medical condition when the defendant is "suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "experiencing deteriorating physical or mental health because of the

3

aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13. In addition, a defendant may seek release if he is suffering from a medical condition that requires long term or specialized medical care that is not being provided. *Id.* Lastly, extraordinary and compelling reasons exist if the facility where the defendant is housed is affected or at imminent risk of being affected by an ongoing outbreak of an infectious disease or public health emergency and the defendant is at an increased risk of suffering severe medical complications or death and such risk cannot be adequately mitigated in a timely manner. *Id.*

Blanco is thirty-nine years old and there is no evidence that he has any adverse medical conditions that constitute an extraordinary and compelling reason for release. According to the Defendant's PSR issued at the time of sentencing, he reported that he is healthy with no history of significant medical problems. (Doc. #25, ¶ 67.) Accordingly, the Defendant failed to demonstrate that he suffers from "extraordinary and compelling" health concerns.

   2. Unusually Long Sentence

U.S.S.G. § 1B1.13 states that court may consider "unusually long sentences" as an extraordinary and compelling reason. This new subsection (b)(6) permits non-retroactive changes in law (other than non-retroactive amendments to the Guidelines Manual) to be considered as extraordinary and compelling reasons warranting a sentence reduction, but only in narrowly circumscribed circumstances. U.S.S.G. § 1B1.13 (b)(6). Specifically, where (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least ten years of the sentence; and (c) an intervening change in the law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, the change in law can qualify as an extraordinary and compelling reason after the court has fully considered the defendant's "individualized circumstances." *Id.*

4

Blanco alleges that he should be granted compassionate release due to a change in the statutory sentencing minimums applicable to his offense. He asserts that if he were sentenced today, he would receive a much lower sentence because the guidelines are no longer mandatory pursuant to *Booker* and the First Step Act of 2018.

The Government argues that Blanco's argument fails because he bases it on the changes made by *United States v. Booker*, 543 U.S. 220 (2005), which was decided nearly nine years before he was sentenced. The Guidelines were advisory at the time of his sentencing, and he was sentenced accordingly. In addition, the court notes that Blanco has not served at least ten years of his sentence in this case. He was sentenced on November 12, 2015. (Doc. #30.) Further, the First Step Act did not make any changes that would affect his conviction for illegal reentry.

### 3. Equal Protection Claim

Blanco also argues that the illegal reentry statute violates the Equal Protection guarantee of the Fifth Amendment. The Fifth Circuit has rejected this argument and found that the statute is constitutional using both the rational basis standard and the *Arlington Heights* standard. *United States v. Barcenas-Rumualdo*, 53 F.4th 859 (5th Cir. 2022).

### C. Sentencing Factors

Notwithstanding all previous analysis, compassionate release should be denied because it is not justified by the Section 3553(a) factors, which includes the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

>    (3) the kinds of sentences available;
>    (4) the kinds of sentence and the sentencing range established for … the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines … ;
>    (5) any pertinent policy statement ... issued by the Sentencing Commission ...;
>    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>    (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The undersigned has considered these factors and finds they weigh against compassionate release for the following reasons.

First, granting this motion would fail to provide just punishment for his offense and promote respect for the law. Courts that have granted compassionate release "largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns." *Thompson*, 984 F.3d at 434–35. For example, in *United States v. Chambliss*, while the defendant's terminal illness "constitut[ed] 'an extraordinary and compelling reason for a sentence reduction' and he '[did] not present a danger upon release,'" the court denied compassionate release because "releasing [defendant] after serving only 14 years of a 30-year sentence minimizes both the impact of [defendant's] crime and seriousness of the offense." *United States v. Chambliss*, 948 F.3d 691, 693-693 (5th Cir. 2020). The BOP inmate locator website states that the Defendant's release date is not until August 2028. Considering the nature of his offense, the court finds that denying compassionate release "would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'" *Chambliss*, 948 F.3d at 693–94.

Second, the undersigned cannot conclude that the Defendant does not pose a danger to the community. This court must deny a sentence reduction unless it determines that the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). "The best predictor of how [a defendant] will behave if he were to be released is how he behaved in the

past." *United States v. Preston*, No. 3:18-CR-307-K, 2020 WL 1819888, at *4 (N.D. Tex. 2020) (quoting *United States v. Martin*, 447 F. Supp. 3d 399, 403 (D. Md. 2020)). In this spirit, the Government argues that the Defendant continues to present a danger to the community and should be required to serve the sentence that this court imposed for his criminal conduct. The court agrees.

While the Defendant's charge of illegal reentry is not in and of itself dangerous, the Defendant was here illegally to participate in a large-scale drug trafficking operation in which he exercised a leadership role, and firearms were involved. (Doc. #25.) The Defendant pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute 5 Kilograms or More of Cocaine, 1,000 Kilograms or More of Marijuana, and 500 Grams or More of Methamphetamine. (*Id.*) The nature of the Defendant's criminal history and all other applicable factors fail to persuade the court that the Defendant does not pose a danger to the community. *See* 18 U.S.C. § 3553(a)(1), (2). Accordingly, the court should deny the Defendant's motion.

## IV. RECOMMENDATION

The "burden falls on the defendant to convince the [court] to exercise discretion to grant the motion for compassionate release." *Ward v United States*, 11 F.4th 354, 359–60 (5th Cir. 2021). The undersigned finds that Blanco has failed to meet this burden. First, there is no evidence that Blano satisfied his administrative remedy prior to filing his motion with the court. Second, the undersigned finds that Blanco has failed to demonstrate an extraordinary and compelling reason for compassionate release. Accordingly, the undersigned recommends denying the Defendant's *Pro Se Motion for Compassionate Release* without prejudice.

## V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing,

(2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. LOCAL R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 8th day of January, 2025.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE